UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR EMEONYE,<br><br>    Plaintiff,<br><br>  v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>    Defendant. | No. 04-03386 SC<br><br>ORDER RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT |

### I. INTRODUCTION

Plaintiff Victor Emeonye ("Plaintiff" or "Claimant") moves for summary judgment on his action seeking review of the Social Security Commissioner's final decision denying his claim for Social Security disability benefits.  Defendant Jo Anne Barnhart ("Defendant" or "Commissioner") has cross-motioned for summary judgment.  For the reasons set forth below, this Court hereby DENIES both motions and REMANDS the matter for further consideration.

### II. BACKGROUND

Claimant Victor Emeonye worked as a security guard from 1986 to 2002. Administrative Record ("AR") at 28.  On June 4, 2002, Claimant was stabbed multiple times and suffered injuries to the

chest, neck, abdomen, and hand. AR at 143. He was taken to San Francisco General Hospital, where he underwent open-heart surgery to repair a "very complex laceration of the right ventricle" and to remove a "large amount of clot" in the pericardium. AR at 149. Plaintiff's attending surgeons also performed a limited upper abdominal exploration, but elected not to undertake a full exploratory laparotomy because of the extensive adhesions already present in Claimant's abdomen as a result of a 1997 shooting incident. Id. Claimant remained in the hospital for eight days and was released with a good prognosis. AR at 138. Claimant alleges that he has been disabled since the date of the stabbing, June 4, 2002.

Several months after his surgery, Claimant began experiencing nausea, digestive problems, dizziness, watery eyes, headaches, and discomfort in the upper abdomen. AR 215-17; 233-34. As a result of these symptoms, Plaintiff visited the South of Market Medical Center for medical attention and follow-up appointments in October, November, and December 2002, and again in January, February, and March 2003. Id at 213-17.

On February 9, 2003, Plaintiff had a seizure and was treated at San Francisco General Hospital. AR at 130-31. A CT scan taken days later revealed a chronic subdural hematoma. AR at 124-25. A subsequent CT scan taken May 6, 2003 confirmed this diagnosis and also revealed a "left inferior temporal encephalomalacia." AR at 257. A third CT scan was performed on March 3, 2004, after Claimant's December 10, 2003 hearing before the Administrative Law Judge ("ALJ"), and revealed no significant changes in Claimant's

1  physiological condition.  AR at 17.
2       Plaintiff experienced another seizure on April 28, 2004, for
3  which he was treated at Seton Medical Center.  AR 19-20.  Claimant
4  was instructed to see a physician for follow-up care, and was
5  discharged with a prescription for Dilantin anti-seizure
6  medication.  AR at 19.  On May 1, 2004, Claimant checked in to the
7  Emergency Department of the Saint Francis Medical Center, where he
8  received medical attention for hallucinations.  AR at 21.
9  Plaintiff asserts that his hallucinations were actually the result
10 of another seizure episode.  Pl.'s Mem. Supp. Mot. Sum. J. at 5.
11      Claimant asserts that he is disabled and unable to return to
12 work because of chest pain, high blood pressure, gastroesophageal
13 reflux disease, nausea, and damage to his cerebral cortex, which
14 Plaintiff claims is responsible for his recurring headaches,
15 dizziness, and seizures.  Pl.'s Mem. Supp. Mot. Sum. J. at 4-5.
16 After his claim for disability benefits was denied at the initial
17 and reconsideration stages, Claimant testified at a hearing before
18 an Administrative Law Judge ("ALJ") on December 10, 2003.  On
19 February 19, 2004, the ALJ denied Plaintiff's claim, a decision
20 that became final on August 10, 2004 when the Appeals Council
21 declined to review the ALJ's decision.  Plaintiff filed a
22 complaint seeking review of the ALJ's decision with this Court on
23 August 18, 2004.

### III. <u>LEGAL STANDARD</u>

26      This court may set aside the decision of the ALJ if it is
27 based on an incorrect application of the law or is not supported

3

by substantial evidence.  42 U.S.C. § 405(g).  "Substantial evidence" is the relevant evidence which a reasonable person might accept as adequate to support the ALJ's conclusion.  Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998).  In order to be "substantial," the evidence must amount to "more than a mere scintilla," but need not rise to the level of a preponderance.  Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989).  Where the evidence could reasonably support either affirming or reversing the ALJ's decision, this Court may not substitute its judgment for the ALJ's decision.  Reddick, 157 F.3d at 720-21.

### IV. DISCUSSION

Claimant argues that this Court should reverse the ALJ's decision because the ALJ improperly rejected the opinion of Claimant's treating physician, Dr. Chaudary, who on two separate occasions opined that Claimant was disabled.  Pl.'s Mem. Supp. Mot. Sum. J. at 5.  The parties agree that in order to reject the opinion of a treating physician, the ALJ must provide specific and legitimate reasons that are supported by substantial evidence in the record.  Pl.'s Mem. Supp. Mot. Sum. J. at 5, citing Reddick at 725; Def.'s Mem. Supp. Mot. Sum. J. at 3, citing Magallanes at 751.  The parties disagree, however, on the question of whether the record supports the ALJ's decision to reject the opinion of Plaintiff's treating physician.

In his decision, the ALJ declined to accord significant weight to Dr. Chaudary's opinion because it was "not shown to be corroborated by objective or other clinical evidence."  AR at 29.

4

After observing Claimant testify and reviewing the evidence in the record, the ALJ found that the evidence instead demonstrated that Plaintiff had responded favorably to treatment for his injuries and demonstrated "few objective abnormalities." AR at 29. The ALJ therefore credited the assessments of two State Agency Medical Consultants that reported "sufficient capacity for Medium Work, while precluding exposure to hazardous conditions." Id. The Commissioner urges this Court to affirm the ALJ's decision, arguing that Dr. Chaudary's opinion was "conclusory, inadequately supported by clinical findings and inconsistent with his own treatment notes." Def.'s Mem. Supp. Mot. Sum. J. at 7. Significantly, both the ALJ and the Commissioner noted the lack of further seizures as a factor that supported their conclusions that the Plaintiff was not disabled during the relevant time period. AR at 29 ("[I]t is relevant that the claimant has reported only two seizures during the past year..."); Def.'s Mem. Supp. Mot. Summ. J. at 6.

District Courts retain the discretion to remand a case for consideration of new evidence not originally presented to the ALJ, provided that the evidence is material and that there is good cause for the evidence not having been presented previously. 42 U.S.C. § 405(g); Melkonyan v. Sullivan, 501 U.S. 89, 90 (1991). Evidence is material if it bears "directly and substantially" on the matter in dispute, see Burton v. Heckler, 724 F.2d 1415, 1417 (9th Cir. 1984), a standard that is satisfied where "there is a reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination had it been before

5

him."  Booz v. Secretary of Health and Human Services, 734 F.2d 1378, 1380 (9th Cir. 1983).[1]  A claimant shows good cause for not having produced the evidence by demonstrating that a practical obstacle existed that prevented the evidence from being previously discovered.  See Burton, 724 F.2d at 1417-18.

At the hearing, the ALJ directly considered Claimant's assertion that his subdural hematoma and temporal encephalomalacia were causing debilitating seizures and other symptoms.  Ultimately, however, the ALJ remained unconvinced that the symptoms allegedly caused by Plaintiff's head injuries were severe enough to render Claimant disabled.  In this respect, Claimant's ability to perform his duties as a security guard free from debilitating seizure activity and other symptoms was an issue that was squarely before the ALJ.  Consequently, resolution of this issue, central to Plaintiff's claim, would benefit from consideration of evidence regarding Plaintiff's more recent seizure activity, in that such recurring seizures, if proven, would support Plaintiff's claim that his head injuries were indeed

---

[1] This Court notes that the standard for materiality used by District Courts in evaluating whether newly-discovered evidence warrants remanding a case is different from the standard utilized by the Appeals Council in determining whether to review the ALJ's decision.  Compare Booz (outlining the "reasonable possibility" standard) with 20 C.F.R. 404.970 and 416.1470 (Appeals Council will review the case if it finds that the ALJ's action, findings, or conclusion "is contrary to the weight of the evidence currently of record.").  Therefore, the fact that the Appeals Council decided not to review the ALJ's decision, even after considering Claimant's evidence of recurring seizure activity, does not affect this Court's evaluation of whether this same evidence is material under §405(g).  C.f. Ferrell v. Chater, No. C-96-1772, 1996 WL 637851 (N.D. Cal. 1996) (applying materiality standard from Booz in evaluating evidence that was presented to the Appeals Council but was not available at the time of the ALJ's decision).

6

severe, and were causing chronic headaches, dizziness, and other potentially debilitating symptoms. See Burton, 724 F.2d at 1417-18.

This case is therefore similar to Burton, where the Ninth Circuit found that evidence gathered by the claimant after the date of the hearing that related directly and substantially to an issue that was before the ALJ met the materiality requirement of section 405(g). Id at 1417. Although the new evidence in Burton consisted of an additional psychiatric evaluation rather than evidence documenting the recurrence of an allegedly debilitating condition, this Court is not aware of any reason why that distinction alone removes this case from the purview of the Ninth Circuit's decision in Burton. Accordingly, this Court finds that the evidence of recurring seizures bears directly and substantially on an issue that was central to Plaintiff's claim, and is therefore material within the meaning of section 405(g).

Claimant has also demonstrated good cause for his failure to present this evidence to the ALJ, in that further seizure activity did not occur until after the ALJ's decision had been issued. Accordingly, on remand, the ALJ should consider all evidence bearing on the issue of Claimant's physical and mental fitness to return to work during the relevant time period, including evidence gathered since the December 10, 2003 hearing.

**V.    CONCLUSION**

For the reasons described above, this Court holds that the newly-discovered evidence of recurring seizures is material, and that Claimant has shown good cause for failing to present that

7

evidence to the ALJ.  Accordingly, this Court DENIES both motions for summary judgment and REMANDS this matter for further consideration.

    IT IS SO ORDERED.

    Dated: June 21, 2005

                                          /s/   Samuel Conti
                                        UNITED STATES DISTRICT JUDGE