UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR EMEONYE, | No. 04-03386 SC |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

**I.   INTRODUCTION**

The present action comes before the Court on Plaintiff's Motion for Award of Attorney's Fees ("Motion"). Docket No. 35. The Commissioner Michael J. Astrue ("Commissioner") submitted an Opposition and Plaintiff filed a Reply. Docket Nos. 35, 38. For the following reasons, the Court GRANTS Plaintiff's Motion.

**II.  BACKGROUND**

The procedural and factual histories of the case are extensively detailed in the Court's May 5, 2008, Order Granting Plaintiff's Motion for Summary Judgment. Docket No. 32. For present purposes, the Court simply notes that Plaintiff's case essentially went through two rounds of litigation. After it

reached this Court for the first time, the Court remanded it for a second hearing before the ALJ. Plaintiff again appealed the ALJ's decision, and, upon receiving the case for the second time, the Court granted Plaintiff's motion for summary judgment.

### III. DISCUSSION

The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, permits an award of reasonable attorney's fees to a prevailing party other than the United States. The Commissioner concedes that Plaintiff is entitled to fees under the EAJA and that Plaintiff's hourly rates are reasonable. See Opp'n at 1. The only disputed issue, therefore, is whether Plaintiff seeks fees for a reasonable number of hours.

Plaintiff seeks a total of $11,045 in fees, while the Commissioner asserts that the EAJA fees should be no more than $9,045. In particular, the Commissioner argues that the number of hours Plaintiff's counsel seeks for briefing in 2007 should be reduced by eight hours and the number of hours Plaintiff's counsel seeks for the filing of his EAJA Motion should be reduced from eight to four hours. See Opp'n.

"The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." Id. "The district court also should exclude from this initial fee calculation hours that were not reasonably expended." Id. at 434 (internal quotation marks omitted).

2

"Counsel for the prevailing should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary . . . ." Id. In addition, a district court may adjust the fee upward or downward depending on the "results obtained." Id. "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation . . . ." Id.

After reviewing the parties' papers, including the declarations submitted by Plaintiff's counsel detailing the number of hours spent working on this case, the Court concludes that the number of hours for which Plaintiff's counsel seeks compensation is reasonable. The Court therefore awards Plaintiff's counsel $11,045 in fees.

**IV.  CONCLUSION**

For the foregoing reasons, the Court GRANTS Plaintiff's Motion and AWARDS $11,045.00 in attorney's fees.

IT IS SO ORDERED.

Dated: August 5, 2008

_____
UNITED STATES DISTRICT JUDGE

3